UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DAMIAN RIVERA,                                                    CASE   MANAGEMENT
      Plaintiff,                    AND SCHEDULING ORDER
    -against-
THE CITY OF NEW YORK, et al.,                                    18-CV-2597 (ENV) (JO)
      Defendants.
-----------------------------------------------------------------X

James Orenstein, Magistrate Judge:

I.   <u>DISCOVERY PLANNING CONFERENCE</u>

   A.  Pursuant to Federal Rule of Civil Procedure 16(a), I order the parties to appear for an initial discovery planning conference on<u>, August 3, 2018 , at 11:00 a.m.</u> in Courtroom 11D South of the United States Courthouse, 225 Cadman Plaza East, Brooklyn, New York.

   B.  <u>Assignment of Magistrate Judge</u>.  The above-captioned case has been referred to me for purposes of scheduling discovery, resolution of discovery disputes, settlement conferences and any other purposes set forth in 28 U.S.C. § 636(b)(1)(A).  I am assigned to the Brooklyn courthouse.

   C.  <u>Appearance in person and familiarity with relevant rules required</u>.  Each party who is proceeding without an attorney, and counsel for each represented party, must appear in person for an initial conference at the date and time indicated above.  By the time of the conference, each attorney in the case is expected to be familiar with the Federal Rules of Civil Procedure concerning discovery, *see generally,* Fed. R. Civ. P. 16, 26-37, with the Local Civil Rules of this Court, *see generally*, Loc. Civ. R. 5.2-37.3, available at http://www.nyed.uscourts.gov/pub/docs/local/localrules.pdf, and with my individual rules, available at http://www.nyed.uscourts.gov/pub/rules/JO-MLR.pdf.

   D.  <u>Familiarity with the case required</u>. I expect the parties to be prepared to discuss *all* factual and legal issues in the case, as well as the possibility of settlement. Accordingly, each party's counsel must be thoroughly familiar with the client's factual assertions, legal theories, and settlement position. If counsel is not personally prepared to discuss all of those matters, the client must attend in person as well.

   E.  <u>"Of counsel" appearances prohibited</u>.  Only a party's counsel of record, or an attorney personally authorized to appear by the party (and not simply by the party's counsel of record) may appear on behalf of a party. If a law firm has appeared as counsel of record for a party, any attorney actually employed by that law firm may appear. An attorney acting "of counsel" for a party's counsel of record may not appear without the represented party's explicit authorization, as such an attorney has no authority to make binding representation on behalf of any party. *See* N.Y. Rules of Prof'l Conduct 1.2(c), 22 N.Y.C. R.R. § 1200 (requiring client to give "informed consent" before an attorney may make a limited appearance on the client's behalf).

II.  <u>PROPOSED DISCOVERY PLAN</u>

   A.  <u>Meet and Confer</u>.  As soon as practicable, and in any event before the date of the initial conference, the parties <u>must</u> meet and confer to consider the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, to make or arrange for the disclosures required by Rule 26(a)(1), and to develop a joint proposed discovery plan.

*See* Fed. R. Civ. P. 26(f). The parties should discuss their discovery needs thoroughly and realistically in advance of the planning conference so that I can order a realistic schedule. Once I have entered a schedule with the parties' input, <u>I will enforce discovery deadlines and amend the schedule only for good cause.</u>

      B.     <u>Initial Disclosures</u>. By the time of the discovery planning conference scheduled above, each party must provide initial disclosures pursuant to Rule 26(a)(1) unless this proceeding is exempted from such disclosure pursuant to Rule 26(a)(1)(E).

      C.     <u>Deadline for Electronic Filing of Joint Discovery Plan</u>. No later than August 1, 2018 (two business days before the discovery planning conference), the parties must submit, by means of electronic filing on the court's ECF (Electronic Case Filing) system, a joint proposed discovery plan.

      D.     <u>Contents of the Joint Discovery Plan</u>. The joint proposed discovery plan should be in the form of the attached questionnaire, including any required attachments. The parties may submit additional materials that they deem pertinent.

III.     <u>ELECTRONIC FILING AND CONTACT INFORMATION</u>

      A.     <u>Mandatory electronic filing.</u> Pursuant to Administrative Order 2004-08, <u>all documents must be submitted electronically.</u> Except as set forth in my Individual Practice Rules or in an order, any document submitted to chambers by hand, mail, or fax will be discarded.

      B.     <u>Attorney appearance and registration.</u> The attorney for each party with primary responsibility for the matter must, as soon as possible and in no event later than the attorney's first appearance in court: (1) file a Notice of Appearance on behalf of <u>each</u> represented party; and (2) register to receive electronic notification of every filing in the case via the court's ECF docketing system.

      C.     <u>Current contact information.</u> The attorney representing each party is under a continuing obligation to keep the court apprised of any changes in contact information – including mailing addresses, email addresses, and daytime telephone numbers – by filing the appropriate Notice on ECF.

      D.     <u>Redaction or deletion of personal data identifiers.</u> All public filings on the electronic docket must omit or redact personal data identifiers, pursuant to Fed. R. Civ. P 5.2. Where an otherwise public document must include such information, the filing party must file a redacted version on the public docket and an unredacted version under seal.

      SO ORDERED.

Dated: Brooklyn, New York
      June 1, 2018

                           /s/
                       James Orenstein
                       U.S. Magistrate Judge

INITIAL CONFERENCE QUESTIONNAIRE

1.      Deadline for all Rule 26(a)(1) disclosures (if later
        than the date of the initial conference, please explain
        why on a separate page):                                        _____

2.      Deadline for first request for production of documents
        and first request for interrogatories:                         _____

2(a).   Additional interrogatories needed, if any, beyond
        the 25 permitted under the federal rules for:          plaintiff(s) ____ ; defendant(s) ____

3.      Date for completion of any joinder of additional
        parties and amendment of the pleadings:                        _____

3(a).   Number of proposed additional parties to be joined,
        if any, by:                                            plaintiff(s) ____ ; defendant(s) ____

4.      Number of depositions by plaintiff(s) of:                parties ____ ; non-parties ____

5.      Number of depositions by defendant(s) of:                parties ____ ; non-parties ____

6.      Date of <u>status conference</u> (joint status report due
        two business days in advance):                                 _____

7.      Date for completion of factual discovery:                      _____

8.      Are expert witnesses needed?                               Yes ____   No ____

8(a).   Number of expert witnesses, if any, of plaintiff(s):     medical ____ ; non-medical ____

8(b).   Date for completion of those expert reports:                   _____

8(c).   Number of expert witnesses, if any, of defendant(s):     medical ____ ; non-medical ____

8(d).   Date for completion of those expert reports:                   _____

9.      Date for completion of expert discovery:                       _____

10.     Date of <u>pretrial conference</u> (brief *ex parte* statements
        of settlement position due via email two business days
        in advance):                                                   _____

11.     Types of contemplated dispositive motions by
        plaintiff(s) <u>and</u> dates for filing of those motions:         _____

                                                                       _____

3

12.    Types of contemplated dispositive motions by
       defendant(s) <u>and</u> dates for filing of those motions:                     _____

                                                                                      _____

13.    Have counsel reached any agreements regarding
       electronic discovery?  (If so, please describe at
       the initial conference.)                                       Yes ____    No ____

14.    Have counsel reached any agreements for disclosure
       of experts' work papers (including drafts) and
       communications with experts?  (If so, please describe
       on a separate page.)                                           Yes ____    No ____

15.    Will the parties unanimously consent to trial before a
       magistrate judge pursuant to 28 U.S.C. §636(c)?  (If
       any party declines to consent, answer no but do <u>not</u>
       indicate which party declined.)                                Yes ____    No ____